UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES MAXWELL SARGENT                                CIVIL ACTION

VERSUS                                               NUMBER: 16-08734

JERRY J. LARPENTER, ET AL.                           SECTION: "A"(5)

**ORDER AND REASONS**

Presently before the Court is the above-captioned 42 U.S.C. §1983 complaint, as supplemented, of *pro se* Plaintiff, James Maxwell Sargent, against Defendants, Jerry J. Larpenter, Sheriff of Terrebonne Parish; Claude Triche, Warden of the Terrebonne Parish Criminal Justice Complex ("TPCJC"); and Karen Becnel ("Becnel"), whom Plaintiff identifies as the Inmate Account Manager of TPCJC.[1] Plaintiff was previously granted leave to file this matter *in forma pauperis* under 28 U.S.C. §1915. (Rec. doc. 3).

At the time that he drafted his complaint and throughout the first several months that this matter has been pending, Plaintiff was an inmate of TPCJC in Houma, Louisiana. In his original complaint, Plaintiff complained of various conditions of confinement that allegedly existed at that correctional facility, to wit: 1) being housed in a cell with no mattress or bedding for three days and being provided only a damaged mattress for the 12 days thereafter; 2) overcrowding; 3) an insufficient number of functioning toilets and sinks that provide hot water; 4) a lack of clean, filtered, cool, fresh drinking water; 5) being served insufficient portions of food which are often cold; and 6) the failure of Becnel to respond to

---

[1] This case is before the undersigned upon the consent of the parties pursuant to 28 U.S.C. §636(c) (rec. doc. 23).

Plaintiff's request for a certified copy of his inmate account statement. (Rec. doc. 1). Plaintiff requested compensatory and punitive damages as well as injunctive relief. (*Id.*).

After the Defendants were served with Plaintiff's complaint but prior to their making an appearance herein, Plaintiff submitted for filing a pleading denominated "Supplemental Complaint Under Extraordinary Circumstances." (Rec. doc. 7). In that pleading, Plaintiff first recalled having previously filed his original complaint, which he thereby sought to supplement with "several additional complaints" related to the conditions of confinement allegedly existing at TPCJC. (*Id.*). Plaintiff then went on to present allegations regarding: 1) an incident in which his legal mail was screened by jail officials; 2) overcrowding; 3) a lack of clean, filtered, cool, fresh drinking water; and 4) the alleged overpricing of items available for purchase through the TPCJC commissary. (*Id.*). The prayer for relief set forth in Plaintiff's supplemental and amended pleading requests only injunctive relief. (*Id.*). On July 20, 2016, the Court issued an order directing that the Clerk of Court issue summons as to Plaintiff's supplemental and amended pleading and forward same to the Marshal to be served. (Rec. doc. 8). The Defendants have since filed answers to both Plaintiff's original and supplemental and amended complaints. (Rec. docs. 10, 19).

More recently, on December 8, 2016, Plaintiff contacted the undersigned's chambers via telephone to advise that he had recently been released from custody. (Rec. doc. 24). Plaintiff was thus instructed to promptly file a notice of change of address in the record of this proceeding as required by Local Rule 11.1 and by order dated December 13, 2016, he was formally ordered to do so by December 30, 2016. (*Id.*). On December 29, 2016 at 2:08 p.m., Plaintiff caused to be transmitted to the undersigned's chambers e-mail address an e-mail that contained a post office box mailing address in Houma. At the Court's direction, the

record has since been updated with Plaintiff's post office box mailing address. Despite having been provided with a "Notice of Change of Address" form by the Clerk's Office instructions to complete and return said form to the Court ("Court only" entry foll. rec. doc. 26), Plaintiff has not done so.

As noted above, Plaintiff has instituted this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claims alleged therein lack an arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. For the reasons that follow, the Court finds that this matter should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

"It is well-settled in the Fifth Circuit that an amended complaint supersedes … [an] original complaint, and the original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint." *Freilich v. Green Energy Resources, Inc.*, 297 F.R.D. 277, 282-83 (W.D. Tex. 2014)(citing *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996)(noting that Fifth Circuit jurisprudence consistently holds that an amended complaint supersedes an original complaint)). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to <u>and</u> adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)(emphasis added; citation omitted).

In the instant matter, although Plaintiff's supplemental complaint refers to his original complaint (rec. doc. 7, p. 1), the subsequent pleading does not specifically adopt or incorporate by reference the allegations set forth in the earlier pleading. Applying the Fifth Circuit rule described above, Plaintiff's supplemental complaint supersedes his original

complaint and renders the original pleading of no legal effect. As noted earlier, in his supplemental complaint, Plaintiff requested only injunctive relief with respect to the conditions that allegedly existed at TPCJC. Because Plaintiff is no longer housed at TPCJC, his request for injunctive relief with respect to the conditions of confinement at that facility is now moot. *Burge v. Dunn*, 68 F.3d 465 (5th Cir. 1995)(table)(citing *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990)). That being the case, dismissal under §1915(e)(2)(B)(i) and (ii) is warranted on this basis alone. *Gray v. Gusman*, No. 15-CV-5531, 2015 WL 9875868 at *3 (E.D. La. Dec. 4, 2015), *adopted*, 2016 WL 231093 (E.D. La. Jan. 19, 2016).

Even if Plaintiff's supplemental complaint did not trump his original complaint, he would fare no better for the following reasons. The Constitution does not require that inmates be housed in comfortable prisons, only that they be afforded humane conditions of confinement and reasonably adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)). In order to establish a constitutional violation as a result of inadequate conditions of confinement,[2/] an inmate must demonstrate, first, that he was deprived of the minimal civilized measure of life's necessities or some basic human need and, second, that prison officials acted out of deliberate indifference to the inmate's health or safety. *Id; see also Taylor v. Woods*, 211 Fed.Appx. 240, 241 (5th Cir. 2006); *Pittman v. Allison*, No. 08-CV-0328, 2010 WL 2736961 at *3 (S.D. Miss. July 9, 2010). "Deliberate indifference is established by showing that the defendant officials '(1) were aware of facts from which an

---

[2/] Regardless whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time of the occurrences of which he complains herein, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case. *Olabisimotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Hamilton v. Lyons*, 74 F.3d 99, 104 n. 3 (5th Cir. 1996); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).

inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.'" *Herman*, 238 F.3d at 664 (quoting *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)). "'Deliberate indifference' is a stringent standard of fault, one which requires proof that a municipal actor disregarded a known or obvious consequence of his action." *Ford v. Gusman*, No. 11-CV-2950, 2012 WL 2567063 at *8 (E.D. La. May 11, 2012), *adopted*, 2012 WL 2567034 (E.D. La. July 2, 2012)(citing *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391 (1997)).  It has been equated with a "subjective recklessness" as that term is used in criminal law. *Norton v. Dimazana*, 122 F.3d 286 291 (5th Cir. 1997).

The allegations made by Plaintiff fall far short of establishing the objective and subjective components of deliberate indifference that are needed to prevail on a conditions-of-confinement claim. From an objective standpoint, "[a]dmittedly, there is a point beyond which a prison's conditions are so unsatisfactory as to render them unconstitutional." *Hawkins v. Gusman*, No. 10-CV-1178, 2011 WL 1527218 at *3 (E.D. La. Apr. 1, 2011), *adopted*, 2011 WL 1527021 (E.D. La. Apr. 20, 2011)(citing *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004)(confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional)). The conditions alleged by Plaintiff, while less than optimal, do not rise to that level. *Wilson v. Lynaugh*, 878 F.2d 846, 849 n. 5 (5th Cir. 1989); s*ee also Marshall v. Allison*, No. 08-CV-1387, 2011 WL 601178 at *4 (S.D. Miss. Feb. 11, 2011)(quoting *Herman*, 238 F.3d at 664)(drinking water that appeared to be unclean, lack of cleaning supplies on

5

weekends, mold on walls and in showers, dusty air vents, and inadequate personal hygiene items do not result in denial of "minimal civilized measure of life's necessities").

Turning to the specific allegations presented by Plaintiff, his complaint about the brief lack of adequate bedding materials, while certainly unpleasant and uncomfortable, fails to rise to the level of a constitutional violation. *Desroche v. Strain*, 507 F.Supp.2d 571, 580 (E.D. La. 2007)(Feldman, J.), *appeal dis'd*, 291 Fed.Appx. 569 (5th Cir. 2008)(citing *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995)(placement in strip cell without clothes, running water, mattress, or blanket for two days was not unconstitutional where there was no evidence that inmate suffered any injury or adverse health consequences or that jail officials knew of and disregarded an excessive risk to his health and safety) and *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995)(placement in strip cell without clothes, running water, mattress, pillow, or blanket for four days, where plaintiff sought no treatment for any resulting medical condition or injury, was not unconstitutional)).

With respect to Plaintiff's other allegations, "the mere fact that prisoners are confined in overcrowded conditions does not in and of itself amount to a constitutional deprivation. . . . '[A]lthough overcrowding may give rise to unconstitutional conditions, overcrowding itself is not per se unconstitutional.'" *Morrison v. Gusman*, No. 10-CV-0217, 2010 WL 724173 at *7 (E.D. La. Feb. 22, 2010)(quoting *Castillo v. Cameron County*, 238 F.3d 339, 354 (5th Cir. 2001)). As for Plaintiff's allegations regarding the food served at TPCJC, the law is clear that a prison must provide "… its prisoners with reasonably adequate food … to satisfy constitutional requirements." *Green v. McKaskle*, 788 F.2d 1116, 1126 (5th Cir. 1986). A prison diet is reasonably adequate when it contains sufficient nutritional health to preserve health. *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986). In *Green*, for example, the court held that two

meals per day for each prisoner was sufficient even though experts had recommended three separate meals per day. *Id.* at 770-71.

Plaintiff does not allege that the prison diet that he was served at TPCJC lacked sufficient nutritional value or that he suffered any medical problems as a result of being furnished an insufficient amount of food. In any event, a failure to provide a prisoner with one or even several meals presents no constitutional violation. *Hill v. Gusman*, No. 06-CV-0527, 2006 WL 3760454 at *4 (E.D. La. Dec. 18, 2016)(and cases cited therein). Otherwise, to the extent that Plaintiff complains of the food service practices at TPCJC, although jail food must be prepared under conditions that do not present an immediate danger to the health and well-being of the inmates who consume it, inmates cannot expect the amenities, conveniences, and services of a good hotel. *Billizone v. Jefferson Parish Correctional Center*, No. 14-CV-1263, 2015 WL 1897683 at *5 (E.D. La. Apr. 27, 2015)(quotations and citations omitted). "[W]ithout an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension." *Gabriel v. Gusman*, No. 10-CV-1688, 2010 WL 3169840 at *6 (E.D. La. July 16, 2010), *adopted*, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); *accord Billizone*, 2015 WL 1897683 at *5; *Billizone v. Jefferson Parish Correctional Center*, No. 14-CV-2594, 2015 WL 966149 at *8 (E.D. La. Mar. 4, 2015); *Hawkins v. Gusman*, No. 10-CV-1178, 2011 WL 1527218 at *4 (E.D. La. Apr. 1, 2011), *adopted*, 2011 WL 1527021 (E.D. La. Apr. 20, 2011); *Spurlock v. Gusman*, No. 10-CV-0991, 2010 WL 2102829 at *7 (E.D. La. May 5, 2010), *adopted*, 2010 WL 2102825 (E.D. La. May 25, 2010). By way of example, the fact that inmates must eat in the vicinity of toilet facilities, while unpleasant, is not unconstitutional. *Gabriel*, 2010 WL 3169840 at *6 (and cases cited therein).

The final claim raised by Plaintiff in his original complaint is that on May 19, 2016, in connection with his application to proceed *in forma pauperis* in this matter, he submitted a request for a certified statement of his inmate bank account to Becnel, the staff person in charge of such matters. Plaintiff accuses Becnel of being "… a totally unsocial, unapproachable person who is known to use profanity and rudeness and refuses to speak to or address inmates in any way." (Rec. doc. 1, p. 8). Despite the fact that Plaintiff's pauper application in this case bears an inmate account certification from Sergeant Becnel dated May 20, 2015 (rec. doc. 2, p. 3), a mere one day after Plaintiff states that it was submitted to her, he goes on to allege in his complaint, which he signed under penalty of perjury on May 25, 2016 along with his pauper request, that his "… request for a certified account statement remains unanswered … [and that] … Becnel should be held responsible for this failure." (Rec. doc. 1, p. 8). Given those operative dates, Plaintiff's allegations regarding Becnel's purported unresponsiveness are refuted by the record itself. The law is also clear that verbal abuse or threatening language of a correctional officer, do not, even if true, amount to constitutional violations. *Harvey v. Stalder*, 130 Fed.Appx. 654 (5th Cir. 2005); *Wilson v. Budner*, 976 F.2d 957, 958 (5th Cir. 1992).

Plaintiff concludes his original complaint by charging Sheriff Larpenter and Warden Triche, by virtue of their supervisory positions, with being "… responsible for any and all violations that are adjudicated and accrued … as a result of []his petition." (*Id.* at pp. 8-9). Such supervisory officials, however, "… cannot be held liable for federal civil rights violations allegedly committed by … [their] associates based merely on a theory of strict or vicarious liability." *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *1 (E.D. La. Oct. 1, 2009). This is so because personal involvement is an essential element of a civil rights cause of

8

action, *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), and *respondeat superior* is not a concept that is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768 (5th Cir. 1983).

Finally, by way of his supplemental complaint, Plaintiff raised two additional claims that had not been included in his original complaint. First, Plaintiff alleges that on July 1, 2016, legal mail that was sent to him at TPCJC was "returned to sender" as containing inappropriate "Internet/Website material." (Rec. doc. 7, p. 2). As Plaintiff does not allege that his position as a litigant was prejudiced in any way, he has no §1983 cause of action. *Whiting v. Kelly*, 255 Fed.Appx. 896, 898-99 (5th Cir. 2007); *Walker v. Navarro*, 4 F.3d 410, 413 (5th Cir. 1993). Second, Plaintiff complains that items available for purchase at the TPCJC commissary are overpriced. In that regard, prison officials have no constitutional duty to make items available for purchase from a prison commissary nor do inmates have a constitutionally protected liberty interest in purchasing goods from the commissary at the lowest possible price. *Patin v. LeBlanc*, No. 11-CV-3071, 2012 WL 3109402 at *31 (E.D. La. May 18, 2012), *adopted*, 2012 WL 3109398 (E.D. La. Jul. 31, 2012). In *Vinson v. Texas Board of Corrections*, 901 F.2d 474, 475 (5th Cir. 1990), for example, the Fifth Circuit affirmed the dismissal of a prisoner's suit as frivolous, as well as the imposition of monetary sanctions, where the prisoner had alleged, *inter alia*, that the commissary was selling rulers for 30 cents above normal price and typing paper for five cents more than the normal price, referring to the issues raised as utterly lacking in merit.

For all these reasons, Plaintiff's suit is dismissed with prejudice under §1915(e)(2)(B)(i) and (ii). Judgment will be entered accordingly.

New Orleans, Louisiana, this 10th day of February, 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE